

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**SHREYA KRISHNAMURTHY**
*Assistant Corporation Counsel*
Tel.: (212) 356-2671
Fax: (212) 356-3509
shrekris@law.nyc.gov

September 19, 2025

**VIA ECF**
Honorable Jesse M. Furman
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

        Re:    <u>Henry L. Boone v. Joseph Canale, et al.</u>,
                  25 Civ. 02440 (JMF)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York and the attorney assigned to the defense of the above referenced matter. This Office writes, as an interested party, to respectfully request a stay of the present civil proceedings. This is the first application for a stay of these proceedings and the undersigned has not been able to expeditiously contact plaintiff *pro se* Henry Boone to obtain his consent to this request due to plaintiff's incarcerated status.

      By way of background plaintiff, who is proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, excessive force arising from plaintiff's arrest on or about March 17, 2023 at 1458 Webster Avenue Bronx, New York. Plaintiff names Alex Almontepichardo, Joseph Canale, Victor Carrasquillo, Christian Cayenne, Estefani Cerda, Michael Espenberg, Johnson Forrester, Fatmir Gjonbalaj, MD Howlader, Nestor Lozano, Jehad Mahmud, Brian Query, Julio Rosa, Andres Uribe, and Michael Vazquez as defendants in this action. On May 6, 2025, the Court issued an Order requesting that the "following defendants waive service of summonses: (1) Police Officer Joseph Canale (Tax I.D. #960317); (2) Police Officer Andres Uribe (Tax I.D. #964325); (3) Police Officer Christian Cayenne (Tax I.D. #954620); (4)

Police Officer Forrester Johnson (Tax I.D. #964078); (5) Police Officer Michael Espenberg (Tax I.D. #948938); (6) Police Lieutenant Brian Query (Tax I.D. #937315); (7) Police Officer Jehad Mahud (Tax I.D. #969928); (8) Police Officer FatmirGjonbala (Tax I.D. #952785); (9) Police Officer Estafani Cerda (Tax I.D. #939988); (10) Police Officer Nestor Lozano (Tax I.D. #958843); (11) Police Officer Michael Vasquez (Tax I.D. #968865); (12) Police Officer Carrasquilla (Tax I.D. #963904); (13) Police Officer Julio Rosa (Tax I.D. #931088); (14) Police Officer M.D. Howlader (Tax I.D. #970603); and (15) "Unknown [Police] Officer, Badge #14825" by June 5, 2025. ECF No. 10. Accordingly, the individually named defendants filed waivers of service on May 14, 2025, May 21, 2025, June 13, 2025, June 25, 2025, June 26, 2025, June 30, 2025, July 2, 2025, and July 3, 2025. See ECF Nos. 12-26. On July 25, 2025, the Court extended the individual defendants' time to answer or otherwise respond to the Complaint until September 23, 2025. See ECF No. 28, 29.

      Based on the undersigned's preliminary investigation into the allegations, upon information and belief, the federal criminal prosecution of plaintiff for the charges stemming from his arrest on or about March 17, 2023, United States v. Henry L. Boone, 23 Crim. 328 (JPO), is currently pending in the United States District Court for the Southern District of New York. Plaintiff was indicted on charges of: Possession of a Firearm After a Felony Conviction. See Superseding Indictment, 23 Crim. 328 ECF No. 20, attached hereto as "Exhibit A."

      The undersigned respectfully requests that this civil action be stayed pending the resolution of plaintiff's criminal matter. It is well settled that a stay of a federal civil rights action pending the outcome of parallel criminal proceedings is appropriate for reasons of judicial economy and the resolution of parallel issues. See generally Wallace v. Kato, 549 U.S. 384, 393-94 (2007) ("[I]t is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case . . . is ended."); see also, e.g., Doe v. City of N.Y., No. 09 CV 9895 (BSJ), 2010 U.S. Dist. LEXIS 3700, at *1 (S.D.N.Y. Jan. 18, 2010) ("District courts routinely exercise their inherent power and discretionary authority to stay a case when confronted with the concurrent pendency of civil and criminal proceedings involving the same or related subject matter."); Mack v. Varelas, 835 F.2d 995, 999-1000 (2d Cir. 1987) (ordering a stay of a § 1983 action pending the resolution of parallel state criminal proceedings and concluding that "postponement of [federal] adjudication is prudentially warranted because one possible outcome of the state court proceedings could negate an essential element of [plaintiff's] claim"); Giulini v. Blessing, 654 F.2d 189, 193 (2d Cir. 1981) ("[A] federal court is not precluded, in the exercise of its discretion, from staying proceedings in the [civil] action before it pending a decision by the state court, with a view to avoiding wasteful duplication of judicial resources and having the benefit of the state court's views.").

      The reasons for granting a stay have been summarized as follows: "[t]he noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b) [or governing state law], expose the basis of the defense to the prosecution in advance of the criminal trial, or otherwise prejudice the case." United States v. Certain Real Property, 751 F. Supp. 1060, 1062 (E.D.N.Y. 1989) (quoting Brock v. Tolkow, 109 F.R.D. 116, 119 (E.D.N.Y. 1985)). See also Johnson v. N.Y. City Police Dep't., No. 01 Civ. 6570 (RCC) (JCF), 2003 U.S. Dist. LEXIS 12111, at *5 (S.D.N.Y. July 16, 2003) ("the civil action, if not stayed, might undermine the criminal defendant's Fifth Amendment privilege against self-

incrimination, expand the rights of discovery beyond the limits of the state's criminal procedure law, expose the basis of the defense to the prosecution, or otherwise prejudice the criminal case.").

Upon information and belief, as of the date of this filing, trial is scheduled to commence in plaintiff's criminal prosecution on October 14, 2025. The United States Attorney's Office for the Southern District of New York has taken a position in support of this request for a stay of the present civil proceedings until the conclusion of plaintiff's criminal proceeding.

In deciding whether to grant the stay, courts consider a number of factors, including: (1) the private interest of the plaintiff in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiff if delayed, (2) the private interests of, and burden on, the defendants, (3) the convenience of the courts, (4) the interests of persons not parties to the civil litigation, and (5) the public interest. Twenty-First Century Corp. v. LaBianca, 801 F. Supp. 1007, 1010 (E.D.N.Y. 1992). "A stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter." Johnson, 2003 U.S. Dist. LEXIS 12111, at *4 (quoting Brock v. Tolkow, 109 F.R.D. 116, 119 (E.D.N.Y. 1985)). Here, both the criminal and civil cases arise out of the same incident: plaintiff Henry Boone's arrest on March 17, 2023. Accordingly, there is substantial overlap between the criminal and civil cases. Additionally, the named defendants may likely be called as witnesses at plaintiff's criminal trial.

A stay of this matter may well avoid duplication of effort because the criminal trial transcripts will be available before civil discovery begins, which should assist counsel in streamlining depositions and other discovery. See, e.g., Volmar Distribs. v. N.Y. Post Co., 152 F.R.D. 36, 41 (S.D.N.Y. 1993) (granting stay where "evidence presented at the criminal trial may obviate the need for document production and depositions, and would substantially reduce both plaintiffs' and defendants' litigation costs"); Twenty First Century Corp., 801 F. Supp. at 1011 (E.D.N.Y. 1992) ("[T]he stay in this action may streamline later civil discovery since transcripts from the criminal case will be available to the civil parties"); Brock, 109 F.R.D. at 120 ("[R]esolution of the criminal case might reduce the scope of discovery in the civil case or otherwise simplify the issues").

The public interest will not be harmed by a stay. For example, plaintiff's civil suit does not seek to vindicate the interests of the public at large such that it should proceed on a parallel track with the criminal case. See, e.g., Brock, 109 F.R.D. at 120 (no harm to public in staying ERISA civil suit where plaintiff did not allege harm to other plan beneficiaries); United States v. Certain Real Property & Premises, 751 F. Supp. at 1062 (E.D.N.Y. 1989) (civil forfeiture action is "not comparable in public importance to a civil enforcement action brought by a federal regulatory agency" and therefore would be stayed).

Furthermore, while a stay may cause some inconvenience and delay in plaintiff's civil action, the other factors described above—including the unnecessary complications that will arise if the case proceeds now— are "the more important consideration[s]." Brock, 109 F.R.D. at 120-21 (internal quotes and citations omitted). The undersigned respectfully submits that any prejudice to plaintiff caused by staying this matter would be minimal.

Additionally, a stay would be warranted in this instant matter as the scope of criminal discovery is likely significantly narrower than the scope of civil discovery in the present proceeding, and to allow such discovery to proceed may prejudice the United States's prosecution of plaintiff in the criminal proceeding. See Agran v. City of New York, No. 95 Civ. 2170 (JFK), 1996 U.S. Dist. LEXIS 6699, at *6 (S.D.N.Y. May 16, 2996) (Finding that a stay would be

warranted as the Court found that the public interest in law enforcement, of preventing criminal defendants from avoiding criminal discovery limitations, outweighs the harm incurred by plaintiff from a short delay of the civil proceeding).

While the entry of a stay is, of course, a matter for the Court's discretion, the undersigned respectfully submits that on balance, the factors outlined above warrant such action in this case. Should the Court grant this request, it is further respectfully requested that the Court *sua sponte* permit individually named defendants Alex Almontepichardo, Joseph Canale, Victor Carrasquillo, Christian Cayenne, Estefani Cerda, Michael Espenberg, Johnson Forrester, Fatmir Gjonbalaj, MD Howlader, Nestor Lozano, Jehad Mahmud, Brian Query, Julio Rosa, Andres Uribe, and Michael Vazquez thirty (30) days from the time such stay is lifted to answer or otherwise respond to the Complaint.

Accordingly, the undersigned respectfully requests: (1) a stay of the instant matter pending the adjudication of plaintiff's criminal case; and (2) that plaintiff be instructed to update the undersigned and the Court as to the status of his criminal case every sixty (60) days until that matter is resolved.

Thank you for your consideration herein.

Respectfully submitted,

*/s/ Shreya Krishnamurthy*
Shreya Krishnamurthy
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: **VIA FIRST-CLASS MAIL**
Henry L. Boone
*Plaintiff pro se*
Registration Number: 54082-054
Metropolitan Detention Center - Brooklyn
P.O. Box 329002
Brooklyn, NY 11232

The Court ordered Plaintiff to file a response by October 10, 2025. ECF No. 31. To date, no response has been filed. Accordingly, the City of New York's Motion for a Stay pending resolution of Plaintiff's criminal matter is GRANTED as unopposed. Defendants shall file a status report on the first day of every other month, beginning **December 1, 2025,** updating the Court on the status of Plaintiff's criminal case.

Any existing deadlines are hereby STAYED *sine die*. Any scheduled conference is adjourned *sine die*.

The Clerk of Court is directed to terminate ECF No. 30 and to mail a copy of this Order to Plaintiff.

SO ORDERED.

October 21, 2025

4